# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:19-cv-60487

ARGO HOLDINGS, INC. and
SOLU-MED, INC.,

        Plaintiffs,

vs.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

        Defendant.

_____/

## COMPLAINT

Plaintiffs Argo Holdings, Inc., and Solu-Med, Inc., sues Defendant Youngblood Skin Care Products LLC, and allege:

## NATURE OF THIS ACTION

1.    Plaintiffs operate an online store on the Amazon website.  They bring this action against Defendant, who is also an online retailer.  All four causes of action are based on Defendant's false accusations against Plaintiffs for allegedly selling counterfeit merchandise in their online store.  Those accusations resulted in the complete shutdown of Plaintiffs' entire online store for months, harmed their business reputation, and caused substantial monetary damage.



## PARTIES

2.      Plaintiff Argo Holdings, Inc., is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

3.      Plaintiff Solu-Med, Inc., is a Delaware corporation with its principal place of business in Miami-Dade County, Florida, and is a wholly-owned subsidiary of Argo Holdings, Inc.

4.      Plaintiffs are referred to jointly throughout this complaint because their interests in this litigation are identical.

5.      Defendant Youngblood Skin Care Products LLC is a California limited-liability company with its principal place of business in California.

## JURISDICTION AND VENUE

6.      This Court has long-arm personal jurisdiction over Defendant pursuant to § 48.193, Florida Statutes, because:

(a)      Defendant committed the tortious acts set forth herein which have caused injury to Plaintiffs inside the state of Florida;

(b)      At all times material hereto, Defendant was engaged in the solicitation of business within the state of Florida;

(c)      At all times material hereto, products processed and/or distributed by Defendant were used or consumed within the state of Florida in the ordinary course of commerce, trade, or use; and/or

2



(d)     At all times material hereto, Defendant was engaged in substantial and not isolated activity in the state of Florida.

7.     The exercise of personal jurisdiction over Defendant satisfies the requirements of due process because the claims herein arise out of or are related to Defendant's contacts with the state of Florida; Defendant purposefully availed itself of the privilege of conducting activities with the state of Florida; and the exercise of personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

8.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this case is between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district and/or because Defendant is subject to this Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

10.     Defendant is a manufacturer, distributor and online retailer in the business of selling and distributing its own Youngblood-branded cosmetic products.

11.     Plaintiffs have operated an online store on the Amazon platform ("online store") for approximately five years under the name Life & Health Source.

12.     In their online store, Plaintiffs offer thousands of products for sale to their



customers, including Youngblood-branded cosmetic products.

13.     At the time of the dispute at issue herein, Plaintiffs had been selling Youngblood-branded products for approximately two years without any complaint from Defendant.

14.     At the time of the dispute at issue herein, Plaintiffs had approximately 43 active listings for Youngblood-branded products in their online store, along with thousands of other non-Youngblood-branded products.

15.     At all times material hereto, all of the Youngblood-branded products appearing in Plaintiffs' online store had been legally purchased from distributors on the secondary market, were authentic and genuine products, and were legally being offered for sale.

16.     The timeline of events giving rise to this action include the following:

(a)     _November 11 & 13, 2018_:  Defendant filed two complaints with Amazon alleging that several Youngblood-branded products being offered for sale in Plaintiffs' online store were counterfeit, including Youngblood Natural Mineral Loose Foundation, Sunglow; Youngblood Pressed Mineral Foundation, Honey; Youngblood Pressed Mineral Blush, Sugar Plum; and Youngblood Pressed Mineral Blush, Bashful. Upon receipt of such complaints, the Seller Performance Team at Amazon promptly sent a "Notice: Policy Warning" to Plaintiffs advising that Amazon had "received a report from a rights owner that you are listing counterfeit products."  See Amazon Policy

4



Warning, attached as Exhibit 1. Pursuant to its corporate guidelines, Amazon shut down Plaintiffs' _entire_ online store on November 13, 2018 and demanded that Plaintiffs submit a plan of action to address this matter.

        (b)     _November 13-16, 2018_: Plaintiffs submitted three plans of action to comply with Amazon's request, in which Plaintiffs specifically assured Amazon that, contrary to Defendant's accusation, Plaintiffs were only selling authentic and genuine products in their online store.

        (c)     _November 26, 2018_: Plaintiffs sent a written demand to Defendant to contact Amazon and to retract its false statement that Plaintiffs were selling counterfeit merchandise in their online store. That demand specifically advised Defendant that Amazon's delisting of their online store, which Defendant's wrongful act had triggered, caused Plaintiffs to incur significant financial loss which was increasing daily.

        (d)     _November 29, 2018_: Defendant notified Plaintiffs that it "ha[s] agreed to file a retraction with Amazon." See Defendant's agreement to file retraction, a copy of which is attached as Exhibit 2.

        (e)     _December 4, 2018_: With their online store still deactivated and no retraction having been submitted by Defendant, Plaintiffs submitted an updated plan of action to Amazon and again issued a written demand to Defendant to contact Amazon and retract its false statement about the counterfeit goods. In response, Defendant assured Plaintiffs that "a retraction has been filed with Amazon." _See_ December 4, 2018



email, a copy of which is attached as Exhibit 3.  Though Defendant agreed to do so, Defendant instead simply notified Amazon that "we have resolved our complaint with the seller Life and Health Source."  See Youngblood's notification to Amazon dated December 4, 2018, a copy of which is attached as Exhibit 4.

(f)     _December 6, 2018_:  Plaintiffs advised Defendant that its notification to Amazon was inadequate because it did not actually retract its false accusation against Plaintiffs.  Plaintiffs therefore again demanded that Defendant submit the promised retraction to Amazon.  See Goodman & Saperstein letter to Youngblood, a copy of which is attached as Exhibit 5.

(g)     _December 19 & 27, 2018_:  No retraction to Amazon was forthcoming, so Plaintiffs issued two more written demands to Defendant to submit a retraction to Amazon immediately.

(h)     _December 27, 2018_:  Plaintiffs contacted Jeff Bezos, Chief Executive Officer of Amazon to request assistance with the unjust circumstances caused by Defendant.  See correspondence sent to Jeff Bezos, a copy of which is attached as Exhibit 6.

(i)     _January 14, 2019_:   After two months of their online store being suspended due to Defendant's wrongful accusations and complaints, Plaintiffs were finally notified by Amazon that their online store was fully reinstated pursuant to their letter directed to Jeff Bezos, Amazon's Chief Executive Officer.  See January 14, 2019 letter

from Amazon reinstating privileges, a copy of which is attached as Exhibit 7.

17.     Not only did Plaintiffs lose income from the shutdown of the store during the historically busiest time of the year costing them hundreds of thousands of dollars, but Plaintiffs also lost the goodwill and analytical data stored by Amazon and essentially had to rebuild from start.

18.     To date, Defendant has never filed its promised retraction to Amazon that its accusations and complaints against Plaintiffs were false and incorrect.

19.     All conditions precedent to the maintenance of this action have been satisfied, excused or waived.

## COUNT I

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

20.     Plaintiffs reallege and incorporate all allegations in paragraphs 1 through 18 as if set forth fully herein.

21.     Plaintiffs had and continue to have a business relationship with identifiable customers who shop in their online store on Amazon.

22.     Defendant has actual knowledge of Plaintiffs' online store and of that business relationship.

23.     Defendant intentionally and without justification interfered with that business relationship by falsely accusing Plaintiffs of selling counterfeit merchandise in their online store and by causing Amazon to shut down their store.



24.     As a direct and proximate result of Defendant's intentional and unjustified interference, Plaintiffs have sustained and will continue to sustain damages, including but not limited to lost sales, lost profits, loss of goodwill, lost business opportunities, lost customers, and damage to their business reputation.

WHEREFORE Plaintiffs demand judgment against Defendant for damages, prejudgment interest from the date of loss, postjudgment interest, costs incurred in this action, and such other relief as the Court deems just and proper.

## COUNT II

### VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")

25.     Plaintiffs reallege and incorporate all allegations in paragraphs 1 through 18 as if set forth fully herein.

26.     Defendant is engaged in "trade or commerce" within the scope of FDUTPA.

27.     FDUTPA expressly states that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

28.     Defendant committed a deceptive act and/or unfair practice by falsely reporting to Amazon that Plaintiffs were selling counterfeit merchandise in their online store.

29.     That deceptive act and/or unfair practice caused injury to Plaintiffs, including but not limited to lost sales, lost profits, loss of goodwill, lost business



opportunities, lost customers, and damage to their business reputation.

30.     Plaintiffs have sustained actual damages as a result of Defendant's deceptive act and/or unfair practice and are entitled to recover such damages pursuant to § 501.211(2), Florida Statutes.

31.     Plaintiffs are entitled to a declaration under § 501.211(1), Florida Statutes, that Defendant's actions at issue herein violate the provisions of FDUTPA.

32.     Plaintiffs are entitled to recover their reasonable attorney's fees and costs incurred in this action pursuant to §§ 501.2105(1) & 501.211(2), Florida Statutes.

WHEREFORE Plaintiffs demand judgment against Defendant for declaratory relief pursuant to § 501.211(1), Florida Statutes, and to recover their actual damages, prejudgment interest from the date of loss, postjudgment interest, reasonable attorney's fees and costs pursuant to §§ 501.2105(1) & 501.211(2), Florida Statutes, and such other relief as the Court deems just and proper.

**COUNT III**

**DEFAMATION**

33.     Plaintiffs reallege and incorporate all allegations in paragraphs 1 through 18 as if set forth fully herein.

34.     Defendant published statements in the form of written complaints to Amazon, in which they wrongfully accused Plaintiffs of selling counterfeit merchandise in their online store.

9



35.     Defendant's statements about Plaintiffs were false.

36.     Defendant knew or should have known that those statements about Plaintiffs were false when Defendant made those statements.

37.     Those statements were defamatory because they accused Plaintiffs of engaging in illegal and/or unethical behavior in conducting their business.

38.     As a direct and proximate result of Defendant's publication of those false statements, Plaintiffs have sustained damages, including but not limited to lost sales, lost profits, loss of goodwill, lost business opportunities, lost customers, and damage to their reputation.

WHEREFORE Plaintiffs demand judgment against Defendant for damages, prejudgment interest from the date of loss, postjudgment interest, costs incurred in this action, and such other relief as the Court deems just and proper.

## COUNT IV

## COMMON LAW TRADE DISPARAGEMENT/TRADE LIBEL

39.     Plaintiffs reallege and incorporate all allegations in paragraphs 1 through 18 as if set forth fully herein.

40.     Defendant made false statements about Plaintiffs selling counterfeit merchandise in their online store.

41.     Defendant published those false statements in its written complaints to Amazon.



42.     Defendant knew or reasonably should have known that making such statements would likely induce existing and/or prospective customers not to do business with Plaintiffs.

43.     Defendant's false statements about Plaintiffs have played a material and substantial role in inducing existing and/or prospective customers not to do business with Plaintiffs.

44.     As a direct and proximate result of Defendant's misconduct, Plaintiffs have incurred special damages, including but not limited to lost sales, lost profits, loss of goodwill, lost business opportunities and lost customers.

WHEREFORE Plaintiffs demand judgment against Defendant for damages, prejudgment interest from the date of loss, postjudgment interest, costs incurred in this action, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted on February 23, 2019,

BLACK LAW P.A.                 1401 E Broward Blvd.  Suite 204  Fort Lauderdale FL 33301
Attorneys for Plaintiff,                           ph-954.320.6220  fx-954.320.6005

By:     _____ s/ *Kelsey K. Black* _____
        Kelsey K. Black
        Florida Bar No. 078925
        kelsey@kkbpa.com

11



and

Stanley R. Goodman, Esq.
Goodman & Saperstein
Pro hac vice admission pending
666 Old Country Road, Suite 200
Garden City, NY  11530
Telephone:  (516) 227-2100
Facsimile:   (516) 227-2108
_gsesq600@aol.com_

