UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 0:19-cv-60487**

SOLU-MED, INC.,

      Plaintiff,

vs.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

      Defendant.

_____/

**PLAINTIFF'S RULE 60(b)(6) MOTION
FOR RELIEF FROM ORDER DATED JANUARY 8, 2020
WITH INCORPORATED MEMORANDUM OF LAW**

      Plaintiff Solu-Med, Inc., files this Motion for Relief from this Court's paperless order dated January 8, 2020 [D.E. 84]. That order granted Defendant Youngblood Skin Care Products LLC's ("Youngblood") "Motion for Leave to File an Amended Answer with Amended Affirmative Defenses" [D.E. 80], and denied as moot Plaintiff's "Motion for Leave to File Motion to Strike Affirmative Defenses" [D.E. 78]. This Court preemptively entered that order *prior to* the deadline for Plaintiff to file its response and reply respectively. Since Plaintiff had not yet had an opportunity to respond/reply, there are several specific points that this Court may have been unaware of at the time it entered the Order, as identified herein. In support, Plaintiff says:

*Motion*

    1.    In its January 8th order, this Court granted leave for Youngblood to file its amended pleading, thereby allowing Youngblood to assert six additional affirmative defenses in this case.[1] The Court entered that order just three business days after Youngblood filed its

---

    [1]    These additional defenses are quite substantial – involving alleged violations of Amazon's policies, the doctrine of *in pari delicto*, the doctrine of unclean hands, and the existence of "privileged publications." [*See* D.E. 79-1 at ¶¶ 8, 11-15, *compare with* D.E. 69.]

1

motion, which was *prior to* Plaintiff's deadline for filing its opposition. As such, Plaintiff did not have the opportunity to apprise this Court of the substantial prejudicial effect of such this belated amendment at this advanced stage of the litigation.

2. Youngblood withheld advising Plaintiff about of these additional defenses until *after* party depositions had been taken, including the deposition of Youngblood's own corporate representative, which occurred in early December. To make matters worse, Youngblood's request to amend came several months *after* the pleading-amendment deadline set forth in this Court's Scheduling Order had already expired. [D.E. 28 at 2.] At this point, the parties are now in the final stage of discovery – with the cutoff being only a few weeks away. [D.E. 65 at 2.]

3. As can be seen, Plaintiff has been blindsided by this eleventh-hour amendment, and thus, its preparation of the case for trial has been severely compromised. Indeed, Plaintiff would certainly have questioned Defendant and its agent Amazzia, Inc. about these added defenses, if it had known about them prior to depositions. But Youngblood decided to remain silent about them and at this late date, Plaintiff has no meaningful opportunity to parry the prejudicial effect of Youngblood's too cute tactical maneuver. This is patently unfair.

4. Moreover, Youngblood had every opportunity to raise these "new" defenses in its initial answer, yet chose to ambush Plaintiff with them on the eve of the discovery cutoff. This Court should not condone such gamesmanship which has subverted the Scheduling Order in violation of Fed. R. Civ. P. 16 and has undermined Plaintiff's efforts to prepare its case for trial.

5. For these reasons, Plaintiff requests that this Court vacate its January 8th order and strike the amended pleading which Youngblood has just filed pursuant to that Order.[2] At the very least, Plaintiff should be given an opportunity to respond to Youngblood's filing at D.E. 79/80 (which sought leave to file its amended pleading and opposed Plaintiff's attempt to strike existing affirmative defenses).

---

[2] As Plaintiff is preparing this motion, Plaintiff has just learned that Youngblood did in fact file its amended pleading per this Court's January 8th order. [D.E. 85.]

*Memorandum of Law*

6. Fed. R. Civ. P. 60(b)(6) authorizes this Court to relieve a party from an order for any "reason that justifies relief." To that end, the very purpose of Rule 60(b)(6) is to effectuate "substantial justice," and its protections are available to prevent an injustice that has resulted from an order which prevents a plaintiff from adequately preparing and prosecuting its case. *See, e.g.*, *Rodriguez v. Best Candle*, No. 04-20932-CIV, 2006 WL 8433130, at *3 (S.D. Fla. Feb. 7, 2006) (granting relief under Rule 60(b)(6) and observing "Rule 60(b) motions must be equitably and liberally applied to achieve substantial justice"); *see also Zapata Carrero v. Sanabi Investments, LLC*, No. 17-20608-CIV, 2019 WL 3024462, at *4 (S.D. Fla. Mar. 12, 2019) ("reconsideration is appropriate under Rule 60(b)(6) in order to do substantial justice"); *cf. United States v. Florida Oncology Network, P.A.*, No. 8:15-MC-60-T-17MAP, 2015 WL 13793112, at *1-2 (M.D. Fla. Aug. 28, 2015) (observing that "[c]ourts construe Rule 60(b) liberally in order to do substantial justice" and that it would be "fair and equitable" to vacate order and give movant opportunity to respond to opponent's filing).

7. The very basis of this motion is just that – to prevent a substantial injustice to Plaintiff. Given the resulting prejudice identified above, "substantial justice" can only be accomplished here by vacating the January 8th order and striking Youngblood's amended pleading.

8. Had Plaintiff been given a meaningful opportunity to oppose Youngblood's filing [D.E. 79/80], Plaintiff would also have advised this Court about the following points:

➢ ***Youngblood's Violation of Rule 16(b)(4)***. As noted, the deadline for filing amended pleadings under this Court's Scheduling Order expired long ago – specifically on June 21, 2019 [*see* D.E. 28 at 2]. Any exception to such a deadline is subject to an exacting good-cause standard under Fed. R. Civ. P. 16(b)(4) that is typically characterized as being quite "stringent" and is routinely denied. *See, e.g., Kipu Sys., LLC v. Zencharts, LLC*, 17-24733-CIV, 2019 WL 2288328, at *2 (S.D. Fla. May 29, 2019); *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2018 WL 6462869, at *3 (S.D. Fla. Oct. 29, 2018) ("motion to amend was filed approximately six months after the deadline in the scheduling order for amended pleadings. A motion that is untimely pursuant to a duly entered scheduling order may be denied on that ground alone"); *Flores v. 2K Clevelander, LLC*, No. 1:16-CV-24083-UU, 2017 WL 5054565, at *3 (S.D. Fla. May 4, 2017) ("no diligence, no

good cause, no leave to amend"). To that end, the moving party's diligence in seeking an amendment is the pivotal inquiry.³ *See Kipu*, 2019 WL 2288328, at *2; *TIC Park Ctr., 9 LLC v. Cabot*, No. 16-24569-CIV, 2018 WL 4828435, at *4 (S.D. Fla. Aug. 28, 2018). Youngblood falls far short of satisfying this heightened standard, where it had every opportunity to include its "new" defenses in its initial answer – or at least to have sought this amendment much sooner than it did.

> ➢ *Plaintiff's Motion Not Moot*. As explained in Plaintiff's Motion for Leave, there are numerous defenses asserted in Youngblood's initial answer that are legally invalid and must be stricken. As that motion further explained, there was good cause to justify Plaintiff's delay in moving to strike those defenses because the parties were negotiating a resolution of those affirmative defenses. Unfortunately, that negotiation ultimately broke down due to Youngblood's dilatory tactics. In response to that motion, Youngblood did not dispute the factual circumstances supporting good cause that were set forth in the motion and documentary exhibits thereto [D.E. 78-2 to 78-6]. Indeed, Youngblood's response essentially confirmed all of those facts. On page 2, for example, Youngblood's response expressly cited and acknowledged the email exchanges between counsel from October 10th to December 11th, as well as the fact that ultimately "the parties were unable to reach an agreement." [D.E. 79 at 2.] That response even characterized that effort as an attempt by the parties "[t]o avoid engaging in an unnecessary and protracted motion practice…." [D.E. 79.] That is the very reason why Plaintiff waited to file its Motion to Strike and why leave should be granted at this juncture to file it.

WHEREFORE Plaintiff requests that this Court vacate its January 8th paperless order [D.E. 84] -- and enter a new order that strikes Youngblood's amended pleading [D.E. 85] or in the alternative, give Plaintiff an opportunity to file appropriate memoranda opposing Youngblood's earlier filing [D.E. 79/80].

---

³ As the court noted in *Flores, supra,* at *3, even where Rule 16(b)(4) applies, the defendant bears the *additional* burden to prove that its proposed amended pleading satisfies Rule 15(a)(2), which requires that there has been no undue delay in seeking the amendment and that granting the amendment would not prejudice the plaintiff.

LOCAL RULE 7.1(a)(3) CONFERRAL

Counsel for Plaintiff has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in the motion, and Defendant opposes the relief sought.

Respectfully submitted,

Attorneys for Plaintiff:

BLACK LAW P.A.
1401 E Broward Blvd.  Suite 204
Fort Lauderdale FL 33301
ph-954.320.6220  fx-954.320.6005

By:        s/ Kelsey K. Black
    Kelsey K. Black
    Florida Bar No. 078925
    kelsey@kkbpa.com
and

Stanley R. Goodman, Esq. (admitted *pro hac vice*)
Goodman & Saperstein
666 Old Country Road, Suite 200
Garden City, NY  11530
Telephone:  (516) 227-2100
Facsimile:   (516) 227-2108
gsesq600@aol.com

**Certificate of Service**

I hereby certify that on January14, 2020, I electronically filed the foregoing with the Clerk of Court for the United States District for the Southern District of Florida by the CM/ECF system.

Attorneys for Plaintiff:

BLACK LAW P.A.
1401 E Broward Blvd.  Suite 204
Fort Lauderdale FL 33301
ph-954.320.6220  fx-954.320.6005

By:  _____s/ Kelsey K. Black_____
    Kelsey K. Black
    Florida Bar No. 078925
    kelsey@kkbpa.com

and

Stanley R. Goodman, Esq. (admitted *pro hac vice*)
Goodman & Saperstein
666 Old Country Road, Suite 200
Garden City, NY  11530
Telephone:  (516) 227-2100
Facsimile:   (516) 227-2108
gsesq600@aol.com