**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:19-cv-60487**

SOLU-MED, INC.,

      Plaintiff,

vs.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

      Defendant.
_____/

**PLAINTIFF'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION FOR RELIEF**
**FROM ORDER DATED JANUARY 8, 2020**

      Plaintiff Solu-Med, Inc., files this reply memorandum of law in further support of its Motion for Relief from this Court's paperless order dated January 8, 2020 [D.E. 84] and Fed. R. Civ. P. 60 and in reply to Defendant Youngblood Skin Care Products LLC's ("Youngblood") Response in Opposition thereto [D.E. 90], and says:

*Introduction*

      The January 8th paperless order granting Youngblood leave to add six new affirmative defenses should be vacated. As explained in its motion, Solu-Med had no opportunity to respond to Youngblood's motion for leave because the Court issued its order before Solu-med's response was due. So at the very least, the order should be vacated so that Solu-Med can file its response -- which would include a discussion of the substantial prejudice that such a belated amendment creates. On that point, Youngblood's addition of these six new defenses occurred *many months after* the pleading-amendment deadline expired under this Court's Rule 16 Scheduling Order [D.E. 28 at 2] and *after* the key depositions of Youngblood and its agent Amazzia had already concluded. The discovery cutoff is now less than one week away. [D.E. 65 at 2.] Even though Youngblood had every opportunity to include those six defenses in its initial answer, it instead chose to assert them at this late date and thereby deprive Solu-Med of an adequate opportunity to pursue relevant discovery on them.

1

*Reply Argument*

In its response, Youngblood initially argues that this Court is powerless to reconsider its paperless order because Rule 60 prohibits reconsideration unless there is new evidence, changed law, or clear error and Solu-Med has failed to present any such thing. Youngblood's argument is misplaced. All of the authorities that it cites on page 3 to support that position apply such a standard to a *final* order -- rather than, as here, an *interlocutory* order. In rejecting the very notion that Rule 60 has a limiting effect on reconsideration of interlocutory orders, another division of this Court ruled that a district court has the inherent power to reconsider any such order in the interest of justice. In the court's words:

> The Court's power to modify an interlocutory judgment or order at any time prior to final judgment is hornbook law. A district court, so long as it has jurisdiction over a case, possesses inherent power over interlocutory orders and can reconsider them when it is consonant with justice to do so. Contrary to what Defendant appears to argue, Rule 60 does not limit the Court's power to reconsider its own, non-final orders.

*Crocker v. Beatty*, No. 16-CV-14162, 2017 WL 11140442, at *1 (S.D. Fla. Sept. 5, 2017); *see also Bankhead v. WRP Enterprises, Inc.*, 6:07-CV-643-ORL-19GJK, 2008 WL 4372845, at *3 (M.D. Fla. Sept. 24, 2008) ("Court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment"). And, reconsiderations lies to correct manifest injustices, as here. *See Baquero v. Lancet Ind. Risk Retention Group*, Inc., 2013 WL 5705574 (S.D. Fla. 2013), at *1; *Evergreen Media Holdings v. Paul Rock Produced, LLC*, 2017 WL 8948370 (M.D. Fla. 2017) at *1.

That alone defeats Youngblood's argument. But there is another point to be made here. The very standard that Youngblood is urging -- *i.e.*, new evidence, changed law, or clear error -- assumes that the parties have already been given an opportunity to brief their respective positions on the applicable evidence and law. But that was not the case here. Solu-Med was prevented from presenting its position because the Court inadvertently granted Youngblood's motion for leave to amend *before* Solu-Med's response was even due. This Court clearly has the inherent authority to correct this situation to prevent manifest injustice.

Next, Youngblood argues that it could not possibly have complied with the June pleading-amendment deadline because its motion to dismiss was not ruled upon until September – following which it filed its initial answer. But that argument only serves to

highlight Youngblood's unnecessary delay here. With the pleading-amendment deadline already having expired when Youngblood filed its answer, Youngblood knew at that point it would have no further opportunity to amend its pleading and thus needed to be certain that its pleading was complete. This it failed to do. After filing its answer, Youngblood delayed *three more months* before seeking to add the six defenses at issue – and it strategically did so the very day after Youngblood was deposed and with the discovery cutoff looming.

To the extent Youngblood seeks to justify its delay by creating the impression that it has just become aware of such defenses through "recent discovery" [*see* D.E. 90 at 5-6], is patently false. Youngblood cannot gainsay that it was relying on its interpretation of Amazon's policy on counterfeit, when it asserted Plaintiff's products were counterfeit. The portions of Mr. Goodson's deposition that were cited in Defendant's response occurred in mid-January, and only stood for the proposition that in a desperate attempt to get the store re-instated by Amazon, Plaintiff was attempting to use "buzzwords "provided by Amazon's employees for re-instatement. Plaintiff reserves the right to more fully address the history of the affirmative defenses and testimony provided in a response to the motion for leave to add affirmatives defenses, should this motion be granted.

Youngblood argues next that any prejudice incurred by Solu-Med is actually Solu-Med's own fault because it has not pursued any discovery on these six defenses in the few weeks since Youngblood asserted them, i.e Youngblood is now blaming Solu-Med for the consequences of Youngblood's own delay. Indeed, Youngblood waited until the last few weeks of the discovery period to add these defenses – at a point when the existing deposition schedule through the cutoff date was already extremely robust. Since December 13, 2019, Plaintiff has received and responded to three additional sets of written discovery; received a robust second subpoena of its sister corporation QMED; received a robust subpoena to its accountant that is now the subject of motion practice before the Court, and attended the following depositions: deposition of Solu-med's C.F.O. Joaquin Lorie on January 7, 2020, deposition of Kellon Goodson on January 9, 2020, coordinated expert disclosures, and engaged in lengthy meet and confers relating to non-party Innopex and non-party Amazon.

Finally, on the last page of its response, Youngblood argues that Solu-Med's own motion for leave to strike affirmative defenses in the initial answer is "moot" because Youngblood "withdrew" those defenses in its amended answer. Mootness on this point,

however, depends on whether this Court allows Youngblood's amended answer to stand. If reconsideration is granted herein and leave to file the amended answer is ultimately denied, then Youngblood's initial answer would be its active pleading and Solu-Med's motion for leave to strike defenses therein would *not* be rendered moot.

WHEREFORE Plaintiff requests that this Court vacate its January 8th paperless order [D.E. 84] -- and enter a new order that strikes Youngblood's amended pleading [D.E. 85] or at the very least gives Plaintiff an opportunity to file appropriate memoranda opposing Youngblood's earlier filing [D.E. 79/80].

Respectfully submitted,

Attorneys for Plaintiff:

BLACK LAW P.A.
1401 E Broward Blvd. Suite 204
Fort Lauderdale FL 33301
ph-954.320.6220  fx-954.320.6005

By:      s/ *Kelsey K. Black*
       Kelsey K. Black
       Florida Bar No. 078925
       kelsey@kkbpa.com

and

Stanley R. Goodman, Esq. (admitted *pro hac vice*)
Goodman & Saperstein
666 Old Country Road, Suite 200
Garden City, NY  11530
Telephone:  (516) 227-2100
Facsimile:  (516) 227-2108
*gsesq600@aol.com*