UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-cv-60487-RKA/PMH

SOLU-MED, INC.,

    Plaintiffs,

v.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

    Defendant.
_____/

## DEFENDANT'S *UNOPPOSED* MOTION TO COMPEL DEPOSITION OF NON-PARTY ADAM WEINSTEIN

Defendant, Youngblood Skin Care Products, LLC ("Youngblood"), by and through its undersigned counsel, and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, hereby moves *unopposed* for entry of an order compelling non-party witness, Adam Weinstein ("Mr. Weinstein"), to appear for deposition, and in support thereof states as follows:

### Introduction and Factual Background

In this action, Plaintiff, Solu-Med, Inc. ("Solu-Med") alleges that Youngblood reported counterfeit allegations to Amazon regarding Plaintiff's sale of unauthorized Youngblood products online at Plaintiff's Amazon store, Life & Health Source ("Amazon Store"). Complaint [D.E. 1], ¶16(a). Plaintiff alleges Amazon responded to the reports from Youngblood by shutting down the Amazon Store for approximately seven (7) weeks. Complaint [D.E. 1] ¶16(a)-(i).

Mr. Weinstein is Plaintiff's former employee who is responsible for posting items on Plaintiff's Amazon Store. *See* Kellon Goodson Dep. 28:6-10; 31:2-5, attached hereto as **Exhibit "A"**. Youngblood believes Mr. Weinstein has discoverable information related to Plaintiff's

failure to train its employees of Amazon's guidelines and policies, Youngblood products placed on Plaintiff's Amazon Store, and Plaintiff's management of its Amazon Store. *See id.* 31:2-5; 36:1-7; 45:2-20.

Accordingly, on January 13, 2020, Youngblood served a Notice of Taking Deposition ("Notice") for Mr. Weinstein's deposition to occur on February 6, 2020 at 9:00 am. *See* Notice, attached hereto as **Exhibit "B"**. In conjunction with the Notice, Youngblood issued a Subpoena to Testify at a Deposition in a Civil Action ("Subpoena for Deposition") requiring Mr. Weinstein's attendance at the deposition. *See* Subpoena for Deposition, attached hereto at **Exhibit "C".**

On January 25, 2020, Mr. Weinstein was personally served with the Subpoena for Deposition as well as a copy of the Notice. *See* Affidavit of Service, attached hereto as **Exhibit "D"**. On February 6, 2020, Mr. Weinstein failed to appear at his properly noticed deposition. *See* Certificate of Non-Appearance attached hereto as **Exhibit "E"**. Accordingly, for the reasons set forth herein, Youngblood hereby moves unopposed for entry of an Order compelling Non-Party to appear for his deposition.

## **MEMORANDUM OF LAW**

Rule 45 controls discovery related to non-parties. *See* Fed. R. Civ. P. 45. The scope of discovery permitted by Rule 45 is the same as that permitted by the other discovery rules. *ADP, LLC v. Ultimate Software Grp., Inc.*, No. 17-cv-61274-MIDDLEBROOKS, 2017 WL 7794306, at *1 (S.D. Fla. July 26, 2017). As such, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id*. (quoting Fed. R. Civ. P. 26(b)(1)). It is well-settled that courts "must employ a liberal discovery standard" and permit discovery of potentially relevant information whenever possible. *Wrangen v. Penn. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). Pursuant to Rule

45(e), "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."

Here, Mr. Weinstein was personally served with a subpoena on January 25, 2020. *See* Exhibit "D". As Mr. Weinstein did not file any objection or otherwise move for a protective order, it is uncontested that the Subpoena is valid. Subsequently, Mr. Weinstein failed to appear at the deposition on February 6, 2020.[1] As stated above, Youngblood believes Mr. Weinstein has discoverable information related to Plaintiff's failure to train its employees on Amazon's guidelines and policies, Youngblood's products listed for sale on the Amazon Store, Plaintiff's return policies, and Plaintiff's management of the Amazon Store. *See* Exhibit "A". Indeed, Mr. Weinstein's testimony is necessary in order for Youngblood to prepare a defense in this action, as well as file any dispositive motion that may be necessary, which are due on March 6, 2020. As Mr. Weinstein has neither objected to the Subpoena nor asserted any legal or factual basis for Mr. Weinstein's failure to comply with the properly served subpoena, Youngblood requests that this Court enter an order commanding Mr. Weinstein to appear for his deposition.

**WHEREFORE**, Defendant, Youngblood Skin Care Products LLC, respectfully requests this Honorable Court enter an order compelling Mr. Weinstein to appear for deposition within seven (7) days of this Court's issuance of an order, and any further relief this Court deems just and proper.

---

[1] The Subpoena for Deposition was served on twelve days' notice, which is a reasonable time to avoid undue burden or expense on Mr. Weinstein. *Subair Sys., LLC v. Precisionaire Sys., Inc.*, No. 08–60570–CIV, 2008 WL 1914876, at *2 n.4 (S.D. Fla. Apr.26, 2008) (finding that 10 days' notice of a deposition "could be deemed 'reasonable' " under Rule 45).

Case No. 0:19-CV-60487-RKA/PMH

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(A)(3), undersigned counsel for Youngblood certifies that it has conferred with Plaintiff, in a good faith effort to resolve the issues raised in the motion. Plaintiff's counsel advised Plaintiff does not oppose the relief sought herein.

Dated: February 10, 2020                    Respectfully submitted,

                                            COLE, SCOTT & KISSANE, P.A.
                                            Attorneys for Defendant
                                            222 Lakeview Ave, Suite 120
                                            West Palm Beach, FL 33401
                                            Telephone: (561) 383-9203
                                            Facsimile: (561) 683-8977
                                            E-mail: jonathan.vine@csklegal.com
                                            E-mail: sheena.smith@csklegal.com

                                  By:    */s/ Sheena D. Smith*
                                            JONATHAN VINE
                                            FBN: 10966
                                            SHEENA D. SMITH
                                            FBN: 118919

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of February 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or through other approved means.

                                            */s/ Sheena D. Smith*
                                            JONATHAN VINE
                                            FBN: 010966
                                            SHEENA D. SMITH
                                            FBN: 118919

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Case No. 0:19-CV-60487-RKA/PMH

## SERVICE LIST

**Kelsey K. Black, Esq.**
Black Law, P.A.
*Attorneys for Plaintiff*
1401 E Broward Blvd. Suite 204
Fort Lauderdale, FL 33301
Telephone: (954) 320-6220
Facsimile: (954) 320-6005
kelsey@kkbpa.com


and

**Stanley R. Goodman, Esq**
Goodman & Saperstein
Pro hac vice admission pending
666 Old Country Road, Suite 200
Garden City, NY 11530
Telephone: (516) 227-2100
Facsimile: (516) 227-2108
Gsesq600@aol.com