UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-60487-RKA/PMH

SOLU-MED, INC.,

    Plaintiff,

vs.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

    Defendant.
_____/

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF SOLU-MED, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Solu-Med, Inc., by and through undersigned counsel, respectfully submits the following Statement of Undisputed Material Facts in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedures and Local Rule 56.1 of the United States District Court for the Southern District of Florida.

Statement of Undisputed Material Facts

1. In early November 2018, Defendant Youngblood Skin Care Products LLC ("Youngblood") submitted several complaints to Amazon alleging Plaintiff's Amazon store was selling counterfeit product.[1]

2. Because of these complaints, Amazon shut down Plaintiff's store on November 13, 2018.[2]

---

[1] *See* Corporate Representative Deposition of Defendant Youngblood, p. 13, attached as Exhibit "1;" Youngblood Dep., Exhibit 5, attached as Exhibit "2."

[2] *See* Deposition of Kellon Goodson, p. 93, attached as Exhibit "3;" *see* Exhibit 10 to Kellon Goodson deposition, attached as Exhibit "4."

3. Defendant became aware that Plaintiff requested a retraction of the complaints on late November 2018.[3]

4. On November 29, 2018, Defendant agreed to retract the complaints alleging that Plaintiff sold counterfeit product.[4]

5. Instead of issuing a retraction, Defendant emailed Amazon the following language: "Please withdraw complaint ID: 331832151 as we have resolved our complaint with Life and Health Source . . . ."[5]

6. Amazon did not reinstate the store in December 2019.

7. Amazon did not get a valid retraction from Youngblood.[6]

8. Plaintiff retained legal counsel who wrote to Jeff Bezos of Amazon directly, which ultimately led to the reinstatement of the store on January 14, 2019.[7]

9. In addition, Plaintiff, through its legal counsel, notified Youngblood that its communication with Amazon was not a retraction.[8]

10. In response to this letter, internal emails at Youngblood were exchanged where the Defendant's brand protection unit provided the Defendant's Vice President an explanation of Youngblood's retraction efforts: "We filed a retraction BUT (*sic*) they wanted

---

[3] Ex. 1, at 37.

[4] *See* Ex. 1, p. 50; Defendant's Answers to Interrogatories, Interrogatory No. 5, attached as Exhibit "5;" Youngblood Deposition Exhibit 10, attached as Exhibit "6."

[5] Exh. 4, at p. 7.

[6] *See* Amazon notification identified as PL02424, a copy of which is attached as Exhibit "7."

[7] *See* ECF Nos. 1-6, ECF Nos. 1-7.

[8] *See* ECF Nos. 1-5.

us to say we were wrong and they are not selling counterfeit products. We didn't admit to that. We just said we resolved the complaint with the seller . . . even though we filed this retraction, their store is still not opened."[9]

11.     Dr. Toth, Defendant's Vice President, further explained that Youngblood "agreed to file a *response* with Amazon that we had resolved our differences and that by filing that, that was in no way an admission that the products were authentic. And part of the condition of the retraction was that Solu-med would no longer sell Youngblood products."[10]

12.     When asked why the word retraction was used by Defendant when describing this communication, Defendant testified "it means that we will—we will file a—some communication with Amazon that we've resolved our differences between us and that Solu-med has agreed to no longer sell."[11]

13.     Manny Aguero, co-founder and director of Solu-med, explained that once the store was shut down, the company submitted several plans of actions to Amazon, contacted Youngblood and sought a retraction, and retained counsel, exhausting all efforts to get the store re-instated.[12]

14.     Youngblood's products do not come with any documents that describe a manufacturer's warranty to the end user.[13]

---

[9] *See* Ex. 6, at p. 7-8.

[10] Ex. 1, p. 51-52.

[11] Ex. 1, at p. 52.

[12] *See* Deposition of Solu-med, Inc., p. 9, 106-108, 132-133, 136, attached as Exhibit "8."

[13] *See* Defendant's responses to Plaintiff's second set of interrogatories, Response No. 4, attached as Exhibit "9."

15. Amazon considers a product counterfeit if the product has packaging that contains unlawful reproduction of a registered trademark.[14]

16. Youngblood, however, believes that a good is counterfeit if it is offered for sale on Amazon by a non-authorized Youngblood seller.[15]

17. Youngblood believes that Amazon itself has violated its own counterfeit policies by selling Youngblood goods directly to end-users.[16]

18. Youngblood's strategy to protect the equity of the brand and their investment in the brand was to eliminate grey market sellers such as Plaintiff by filing counterfeit complaints.[17]

Respectfully submitted,

/s/ *Kelsey K. Black*
Kelsey K. Black, Fla. Bar. No. 078925
Black Law P.A.
1401 E. Broward Blvd., Ste. 204
Fort Lauderdale, FL 33301
Ph-954.320.6220//fx-954-320-6005
kelsey@kkbpa.com

and

Stanley R. Goodman, Esq. (admitted *pro hac vice*)
Goodman & Saperstein
666 Old Country Road, Suite 200
Garden City, NY  11530
Telephone:  (516) 227-2100
Facsimile:   (516) 227-2108
gsesq600@aol.com

---

[14] *See* Declaration of Claurice Cohn, ¶12, a copy of which is attached as Exhibit "10."

[15] Ex. 1 at p. 56, lines 12-18.

[16] Ex. 1 at p. 93, lines 3-21.

[17] Ex. 1 at p. 74-75.