UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:19-cv-60487-RKA/PMH

SOLU-MED, INC.,

      Plaintiffs,

v.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

      Defendant.

_____/

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, YOUNGBLOOD SKIN CARE PRODUCTS LLC ("Youngblood"), by and through undersigned counsel, files its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, as follows:

### General Background of Youngblood and Solu-Med

1.      Youngblood is a cosmetics manufacturing company that sells a variety of cosmetic products. *See* Youngblood's Corporate Representative, Jason Toth, MD Dep 9:15-16, attached as **Exhibit 1**.

2.      Products purchased directly from Youngblood's website, www.ybskin.com, or through an authorized retailer come with a 100% satisfaction guaranty that the product can be returned or replaced for any reason ("Warranty"). *See* Warranty, attached as **Exhibit 2**. Youngblood products purchased from an unauthorized reseller or online third-party resellers do not come with the Warranty. *Id.*

3.      In 2018, Youngblood became concerned regarding the sale of counterfeit products and diversion of its products on the secondary market and took steps to eliminate such conduct as well as the unauthorized sales of its products. *See* Ex. 1, at 13:25 22:3-7; 43:7-12.

4.      In protecting its brand, Youngblood monitors websites, including Amazon, for batch codes, expiration dates, out-of-date images of Youngblood products, copyright that is incorrect and products that look blatantly fake. *See* Ex. 1, at 76:2-6.

5.       On September 15, 2018, Youngblood hired Amazzia, Inc. ("Amazzia") to assist with Youngblood's brand protection. *See* Ex. 1, at 12:20-22; 29:3-8. Brand protection includes, among other things, helping a company control who sells its products on Amazon by assisting the company to eliminate the sale of inauthentic products and counterfeit products. Amazzia's Corporate Representative, William Fikhman Dep. 13:9-18, 14:2-13;19:17-21; 25:20-25, attached as **Exhibit 3**.

6.       Solu-Med, Inc. ("Solu-Med") is an online sales company[1], which resells cosmetics, and hair care and skin care products manufactured by other companies on various online sales platforms such as Amazon, Inc. ("Amazon"). *See* Sol-Med's Corporate Representative, Manuel Aguero Dep. 18:3-5, attached as **Exhibit 4**; Kellon Goodson Dep. 14:14-25 – 15:1-6; 142:5-13, attached as **Exhibit 5**. Solu-Med operates an online sales storefront called Life & Health Source ("Amazon Storefront") on Amazon. *See* Ex. 4, at 22:1-3. Solu-Med also shipped products to Amazon to be sold through Amazon's Fulfillment by Amazon ("FBA") and Amazon would fulfill and ship products directly to the customer. *See* Ex. 5, 48:17-25 – 49:1-2.

## Amazon's Guidelines

7.       Amazon's Selling Policies and Seller Code of Conduct ("Code of Conduct") requires, in pertinent part, "[a]ll sellers are expected to adhere to the following policies when listing products on Amazon." Amazon's Code of Conduct states sellers should never engage in misleading conduct, including its communications with Amazon. *See* Declaration of Amazon, dated February 6, 2020, at Ex. 1, attached as **Exhibit 6**.

8.       Amazon's Anti-Counterfeiting Policy ("Anti-Counterfeiting Policy") states, in pertinent part, as follows: "**Products offered for sale on Amazon must be authentic. The sale of counterfeit products is strictly prohibited. Failure to abide by this policy may result in loss of selling privileges, funds being withheld, and destruction of inventory in our possession.** It is each seller's and supplier's responsibility to source, sell, and fulfill only authentic products . . .We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and

---

[1] From approximately 2015 – December 31, 2017, Solu-Med operated as a department within non-party, Q-Med, LLC ("Q-Med"). *See* Ex. 8, at 7:24-25 – 8:1-5. On January 1, 2018, Solu-Med started operating as a separate company. *See id.* at 9:15-18.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

take all appropriate actions to protect customers, sellers, and rights holders." *See* Ex. 6, at Ex. 2 (bolding in original; underlying supplied).

9.       Amazon's Cosmetics and Skin Care Policy ("Cosmetic Policy") states, in pertinent part: (1) Cosmetics must be sealed in the original manufacturer's packaging; and (2) Cosmetics must be new and unused. *See* Ex. 6, at Ex. 4.

10.      Amazon's Condition Guidelines ("Condition Guidelines") requires products offered for sale on Amazon be "new". The Condition Guidelines state, in pertinent part: New: Just like it sounds. A brand-new, unused, unopened item in its original packaging, with all original packaging materials included. Original protective wrapping, if any, is intact. **Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments.** *See* Ex. 6, at Ex. 5 (emphasis added).

11.      Amazon's Product Authenticity and Quality policy ("Product Authenticity Policy") states, in pertinent part:

> Amazon enforces sellers who violate our selling policies. **Violations related to product authenticity are categorized as intellectual property violations.** Issues with the overall product quality, including products that do not match their descriptions, can be categorized as "materially different" violations.
>
> **Materially different product condition violation**
> The product you list and ship must exactly match the description, pictures, and all other information on the product detail page. Amazon policy prohibits you from listing or shipping "materially different" products. For example: **Listing your product in New condition when it is not in brand-new or unused condition, or in un-opened original packaging.**

*See* Ex. 6, at Ex. 3 (emphasis added).

12.      Solu-Med was aware of Amazon's Guidelines and that Solu-Med was bound to follow Amazon's Guidelines. *See* Ex. 4, at 27:7-12.

13.      Solu-Med was not an authorized seller of Youngblood products nor did it ask for permission to sell Youngblood products. *See* Ex. 4, at 36:7-9; 76:10-12; *See* Ex. 5, at 40:4-10.

14.      Solu-Med listed the Youngblood products on its Amazon Storefront for sale as "new." Adam Weinstein Dep. 9:21-23, attached as **Exhibit 7**; Ex. 5, at 43:24-25 – 44:1; *See* Ex. 4, 70:4-7, 75:16-18. Solu-Med listed purported Youngblood products for sale that did not contain the manufacturer's warranty. *See id.* at 36:7-12.

15.      Solu-Med represents on its Amazon Storefront that all cosmetics (including Youngblood products) are in a "new" condition, regardless of whether the products actually have

a warranty. Ex. 4, at 70:4-8. Solu-Med does not offer any warranty or even allow returns of any of its cosmetics sold on its Amazon Storefront, including Youngblood products. *See id.* at 58:15-18.

16.     Solu-Med was required to list products in the proper condition category when selling on Amazon. *See* Ex. 4, at 70:1-8. Listing a product for sale as "new" when it does not come with a warranty is a violation of Amazon's Condition Guidelines. *See* Ex. 5, at 62:18-25; Ex. 3, at 51:9-12; Ex. 7, at 14:3-6. Solu-Med knew that it is a violation of Amazon's Guidelines to list a materially different product than the product sold. *See* Ex. 5, at 57:1-7. A product is inauthentic and counterfeit if the product is being sold as new without a warranty. *See* Ex. 6, at Ex. 2, 3, 5; *See also* Ex. 5, at 68:3-8, 10-25 – 69:1.

### Solu-Med's Storefront, Purchase and Sale of Youngblood Products

17.     Solu-Med purportedly acquires products to sell from Q-Med; Q-Med also stores products and distributes them for Solu-Med. *See* Ex. 4, at 30:18-19; Q-Med, LLC's Corp. Rep., Manuel Aguero Dep. 9:25 – 10:1, 17-19, attached as **Exhibit 8**.

18.     Solu-Med claims that Q-Med acquired Youngblood products from a non-authorized distributor, Innopex. *See* Ex. 4, at 32:1-5; Ex. 5, at 36:11-13. Innopex produced no documents in discovery. Solu-Med claims that Innopex acquired the Youngblood products from MasMed Limitada ("MasMed"). Solu-Med did not produce documents from Mas-Med. Solu-Med produced no documents in discovery showing where Innopex got the Youngblood products.

19.     Neither Q-Med nor Solu-Med examined, did research into, or asked for the sourcing information into Innpoex when it purportedly acquired the purported Youngblood products. *See* Ex. 7, at 11-13, 22-24; Ex. 5, at 37: 16-25 – 38:1-5; 39:23-25 - 40:1-3; 51:15-24.

20.     Solu-Med's Amazon Storefront states that "**We are unable to except returns or exchanges on . . . Cosmetics . . .**" *See* Solu-Med's Amazon Storefront Homepage (bolding in original), attached as **Exhibit 9**.

21.     However, Solu-Med would accept customer returns; Solu-Med stated on its Amazon Storefront that it would not accept returns because it wanted to misled customers and discourage returns. *See* Ex. 5, at 44:25- 45:1-4, 8-20; 47:13-19.

### Prior Complaints to Amazon about Solu-Med's Sale of Products

22.      On January 27, 2018, Amazon sent a policy warning violation to Solu-Med regarding a complaint Amazon had received a complaint that Solu-Med was selling counterfeit Giovanni Cosmetics' products on its Amazon Storefront. *See* Ex. 5, at Ex. 7. Amazon barred Solu-

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Med from selling this product. *Id.* Amazon's policy warning violation warned Solu-Med that it "consider[d] allegations of counterfeit a serious matter and your account is under review. If [Amazon] receive[d] more complaints about your listings, we may not allow you to sell on Amazon.com." *Id.*

23.     On January 28, 2018, Amazon sent a policy warning violation to Solu-Med regarding a complaint that Amazon had received a complaint that Solu-Med was selling counterfeit Giovanni Cosmetic's product on its Amazon Storefront. *See id.* at Ex. 8. Amazon barred Solu-Med from selling this product. *Id.* Again, Amazon warned Solu-Med that it "consider[d] allegations of intellectual property infringement a serious matter and your account is under review. If [Amazon] receive[d] more complaints about your listings, we may not allow you to sell on Amaozn.com." *Id.*

24.     On March 5, 2018, Amazon sent a policy warning violation to Solu-Med regarding a complaint that Amazon had received a complaint that Solu-Med was selling fifteen inauthentic Medela products on its Amazon Storefront. *See id.* at Ex. 9. Amazon barred Solu-Med from selling this product. *Id.* Again, Amazon warned Solu-Med that it "[i]f [Amazon] receive[d] more complaints about your listings, we may not allow you to sell on Amaozn.com." *Id.*

25.     On April 4, 2018, Amazon sent a policy warning violation to Solu-Med regarding a complaint that Amazon had received a complaint that Solu-Med was selling five counterfeit Brumisateur products on its Amazon Storefront. *See id.* at Ex. 10. Amazon barred Solu-Med from selling this product. *Id.* Again, Amazon warned Solu-Med that it "[i]f [Amazon] receive[d] more complaints about your listings, we may not allow you to sell on Amaozn.com." *Id.*

26.     On May 12, 2018, Amazon sent another policy warning violation to Solu-Med regarding a complaint that Amazon had received a complaint that Solu-Med was selling inauthentic Evian Spray products its Amazon Storefront. *See id.* at Ex. 11. Amazon barred Solu-Med from selling this product. *Id.* Again, Amazon warned Solu-Med that it "[i]f [Amazon] receive[d] more complaints about your listings, we may not allow you to sell on Amaozn.com." *Id.*

27.     On July 23, 2018, Amazon sent a policy warning violation to Solu-Med regarding a complaint that Amazon had received a complaint that Solu-Med was selling inauthentic products its Amazon Storefront. *See id.* at Ex. 12. Amazon barred Solu-Med from selling this product. *Id.*

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Again, Amazon's policy warning violation warned Solu-Med that if it "[i]f [Amazon] receive[d] more complaints about your listings, we may not allow you to sell on Amaozn.com." *Id.*

28.    On July 25, 2018, Amazon sent a policy warning violation to Solu-Med regarding a complaint that Amazon had received a complaint that Solu-Med was selling inauthentic products its Amazon Storefront. *See id.* at Ex. 13. Amazon barred Solu-Med from selling this product. *Id.* Again, Amazon warned Solu-Med that if it "[i]f [Amazon] receive[d] more complaints about your listings, we may not allow you to sell on Amazon.com." *Id.*

29.    Solu-Med was aware of these policy warning violations. Goodson Dep. 38:15-20. Solu-Med's pattern and practice was <u>not</u> to respond to Amazon's policy warnings violations regarding Solu-Med's sale counterfeit, inauthentic products, or intellectual property violations. *See* Ex. 5, at 93:10-19; 97:17-19. Solu-Med would just take the product listing down from the Amazon Storefront or do nothing as Amazon would automatically take the listing down. *See* Ex. 5, at 92:1-23 – 93:1-9.

30.    Solu-Med was aware that its Amazon Storefront maybe be shut down if Amazon continued to receive complaints about its listings. *See* Ex. 7, at 20:22-25 – 21: 1-17. Other than the Youngblood complaint, in November 2018, Solu-Med did not take any action to respond to complaints it received from Amazon. *See* Ex. 5, at 95:5-7; Ex. 7, at 19:14-16.

31.    On July 1, 2018, Amazon suspended Solu-Med's Storefront for "Performance-LSR" or late ship rate; the Amazon Store was reinstated on July 2, 2018. *See* Amazon Current Selling Status, attached as **Exhibit 10**; Ex. 7, at 19:14-23, 20:2-6; Michael Pazak Dep. 39:10-13, attached as **Exhibit 11**.

<u>**Amazon Deactivates Solu-Med's Store**</u>

32.    Amazzia determined that Solu-Med was selling counterfeit products because Youngblood products that were (1) not authorized, (2) Solu-Med was selling them as "new," and (3) they were inauthentic and counterfeit. *See* Ex. 3, at 41:16-20; 44:13-24; 126:24-25 – 128:1-2; 128:21-16; 148:22-25 – 149:1-4, 12-20.

33.    On or about November 10, 2018, Youngblood submitted a complaint to Amazon regarding Solu-Med's counterfeit sale of Youngblood products on Amazon. Ex. 1, at 17:7-9; Notice of Policy Violation, attached as **Exhibit 12**; Ex. 5, at Ex. 2.

34.    On or about November 10, 2018, Amazon sent a policy warning violation to Solu-Med regarding Youngblood's product. *See* Declaration of Amazon, dated February 14, 2020, at ¶

5, attached as **Exhibit 13**. Amazon notified Solu-Med that a report had been made that Solu-Med was listing a counterfeit product and notified Solu-Med that it removed the product. *Id.* Amazon warned Solu-Med that if Amazon received more complaints, it may not allow Solu-Med to sell on Amazon.com." *Id.* Solu-Med ignored Amazon's policy warning violation. Ex. 5, at 109:3-8.

35.     On or about November 12, 2018, Youngblood submitted another complaint to Amazon regarding Solu-Med's counterfeit sale of Youngblood products on Amazon. Notice of Policy Violation, attached as **Exhibit 14**; Ex. 6, at Ex. 3.

36.     On or about November 12, 2018, Amazon sent a notice of policy warning to Solu-Med regarding Youngblood's product. *See* Ex. 13, at ¶ 6. Amazon notified Solu-Med that a report had been made that Solu-Med was listing a counterfeit product and notified Solu-Med that it removed the product. Amazon warned Solu-Med that if Amazon received more complaints, it may not allow Solu-Med to sell on Amazon.com." *Id.* Solu-Med ignored to Amazon's policy warning violation. *See* Ex. 5, at 109:3-8; 112:16-20.

37.     On or about November 12, 2018, Youngblood submitted another complaint to Amazon regarding Solu-Med's counterfeit sale of Youngblood products on Amazon. Notice of Policy Violation, attached as **Exhibit 15**; Ex 6, at Ex. 4.

38.     On or about November 12, 2018, Amazon sent a notice of policy warning to Solu-Med regarding Youngblood's product. *See* Ex. 13, ¶ 7. Therein, Amazon notified Solu-Med that it removed the listing. Amazon warned Solu-Med that if Amazon received more complaint, it may not allow Solu-Med to sell on Amazon.com." *Id.* Solu-Med ignored to Amazon's policy warning violation. *See* Ex. 5, at 107:1-3, 109:3-8; 112: 16-20.

39.     On or about November 12, 2018, Youngblood submitted another complaint to Amazon regarding Solu-Med's counterfeit sale of Youngblood products on Amazon. Notice of Policy Violation, attached as **Exhibit 16**; Ex. 6, at Ex. 5.

40.     On November 13, 2018, Amazon attempted to contact Solu-Med to discuss the Youngblood Complaint. *See* Correspondence from Amazon, attached as **Exhibit 17**. No one at Solu-Med responded to Amazon's call. *See* Ex. 7, at 24:5-10.

41.     On November 13, 2018, Amazon <u>temporarily</u> deactivated Solu-Med's Amazon Storefront. *See* Ex. 17; Ex. 5, at 109:12-14. Therein, Amazon stated to reactivate Solu-Med's account, it needed to submit a valid plan of action. *Id.* Amazon stated that "[i]f you believe that

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

the reported content is not counterfeit, you may email noticedispute@amazon.com. with supporting information." *Id.*

### i.    *Solu-Med's First Plan of Action*

42.    On November 13, 2018, Solu-Med, for the first time, responded to Amazon and submitted its plan of action ("First Plan of Action") in its attempt to get the store reinstated. *See* First Plan of Action, attached as **Exhibit 18**. Solu-Med only responded to the Youngblood complaints because Amazon deactivated Solu-Med's Amazon Storefront. *See* Ex. 5, at 97:20-25 – 98:1-4.

43.    In the First Plan of Action, Solu-Med stated that the root cause of the issue was that "[w]e have offerings . . . which [Youngblood] felt infringed on their intellectual property rights." *See* Ex. 18; Ex. 5, at 111:7-16. In response, Solu-Med stated that it had removed all Youngblood products from the Amazon Storefront. *See* Ex. 18. To prevent this issue from happening again, Solu-Med stated it would "review [its] product offerings, to ensure compliance with Amazon's terms of service related to intellectual property." *See* Ex. 18.

44.    Solu-Med did not review Youngblood's Warranty nor provide Amazon with proof of authenticity information. Ex. 5, at 114:9; Ex. 7, at 20:15-21.

45.    On or about November 15, 2019, Amazon rejected Solu-Med's First Plan of Action. *See* November 15, 2018 Correspondence, attached as **Exhibit 19**. Amazon stated: "We reviewed your account and the information you provided, and we have decided that you may not sell on Amazon.com." *See id.* Amazon requested Solu-Med to provide additional information, including a valid retraction and proof of product authenticity (e.g., invoice, Order ID or letter of authorization). *Id.* Amazon stated that Solu-Med's proof of product authenticity must "clearly prove that your products do not infringe on the intellectual property of the rights owner. Please send this information, any other documentation, and a list of impacted ASINS to notice-dispute@amazon.com." *Id.*

### ii.    *Solu-Med's Second Plan of Action*

46.    On or about November 14, 2018, Solu-Med submitted its second plan of action ("Second Plan of Action") to Amazon. *See* Second Plan of Action, attached as Exhibit 20. Therein, Solu-Med stated "[w]e were listing Youngblood Cosmetics products that we sourced from a distributor, and the brand may not have been aware that we were selling their product on Amazon

Case No.: 0:19-cv-60487-RKA/PMH

that was purchased through that distributor." *See id.* Again, Solu-Med stated that it removed all Youngblood's listing. *Id.*

47.     Solu-Med never contacted Youngblood regarding Solu-Med's sale of Youngblood products and did not ask permission to sell Youngblood products. *See* Ex. 5, at 116:12-17:158:14-20. Solu-Med never asked Innopex if it had authority to sell Youngblood products. *Id.* at 116:18-23. Solu-Med did not submit any authenticity documentation to Amazon. *See* Ex. 7, at 20:15-21.

48.     On November 15, 2018, Amazon rejected the Second Plan of Action and stated that it "reviewed [Solu-Med's] account and the information provided, and we have decided that you may not sell on Amazon.com." *See* Correspondence from Amazon, dated November 15, 2018, attached as **Exhibit 21**. Amazon again requested Solu-Med provide additional information and proof of product authenticity of the Youngblood products. *Id.*

### iii.     Solu-Med's Third Plan of Action

49.     In response, on November 16, 2019, Solu-Med submitted a revised plan of action ("Third Plan of Action") to Amazon and attached its purported invoices from its distributor. *See* Third Plan of Action, attached as Exhibit 22. As to the root cause of the issue, the Third Plan of Action stated, in pertinent part, "[w]e have been selling on Amazon for five years, and Youngblood for two years, without complaint. The items that we sourced are authentic, genuine products and we follow the Amazon Catalog Listing protocol for create all of our listings (more detail in bullet II below)." *See id.*

50.     However, Solu-Med had seven prior complaints asserted against it lodged by other companies for violating trademarks and selling inauthentic and counterfeit products prior to the shutdown on November 13, 2018. *See* Ex. 5, at 38:15-20; 124:5-10. Additionally, Solu-Med did not contact Youngblood, the manufacturer, to determine whether the products Solu-Med was selling were authentic and it did not contact Innopex to determine the source of the products. *See* Ex. 5, at 125:16-23. Rather, all Solu-Med did was look at the product to determine whether the ASIN number matched to Amazon's ASIN for the product, which is not a way to determine authenticity of the product. *See* Ex. 5, at 125:24-5 – 126:1; 126:7-14.

51.     As to Solu-Med's actions taken to resolve the issue, the Third Plan of Action represented to Amazon that it "**launched an immediate investigation of our supply chain to confirm chain of custody.** We evaluated all items in our catalog in order to determine if there were any issues that may have led to this type of allegation being directed toward our products. . .

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

[and] **[w]e reviewed our internal operational procedures for listing items with Amazon** . . .”
*See* Ex. 22 (emphasis added).

52.      However, Solu-Med did not have the source information for the Youngblood products and did no investigation, as it did not contact Innopex to determine the source of the Youngblood products. *See* Ex. 7, at 17:16-21, 24:25-25:1-6; Ex. 5, at 39:23-25 – 40:1-3; 126:19-25 – 127:1; 137:15-18. Instead, Solu-Med submitted an invoice from Solu-Med’s “distributor” – *i.e.*, Q-Med.[2] *See* Invoice, attached as **Exhibit 23**. Q-Med is a wholesale distributor of medical supplies and cosmetics. *See* Ex. 8, at 7:5-6, 12-13. Additionally, Solu-Med maintained no internal operating procedures for listing products on Amazon. *See* Ex. 5, 99:23-25 – 100:1-3; 129:16-19.

53.      On or about November 16, 2018, Amazon rejected Solu-Med’s Third Plan of Action and stated, “we cannot accept your appeal because it does not address the report we received from the rights owner.” *See* Correspondence from Amazon, dated November 16, 2018, attached as **Exhibit 24**. Amazon again requested that Solu-Med provide proof of product authenticity of the Youngblood products; Solu-Med did not provide any authenticity documentation to Amazon. *See id.*; Ex. 7, at 20:15-21.

54.      On November 29, 2018, Amazon sent correspondence to Solu-Med, which stated: “we cannot accept your appeal because it does not address the report we received from the rights owner.” *See* Correspondence from Amazon, dated November 29, 2018, attached as **Exhibit 25**. Amazon again requested that Solu-Med provide a valid retraction and proof of product authenticity of the Youngblood products; Solu-Med did not provide any authenticity documentation to Amazon. *Id.*

55.      After Solu-Med agreed not to sell any more Youngblood products, on or about December 4, 2018, Youngblood submitted correspondence to Amazon that the complaints were

---

[2] Q-Med is not merely a distributor. From approximately 2015 – December 31, 2017, Solu-Med operated as a department within non-party, Q-Med. *See* Ex. 8, at 7:24-25 – 8:1-5 Solu-Med did not start operating as a standalone company until January 1, 2018. *See* Ex. 4, at 130:16-20. Q-Med and Solu-Med remain significantly intermingled. For example, Solu-Med’s operation is located inside Q-Med’s warehouse, the two companies share the same CFO, Joaquin Lorie (“Lorie”), Solu-Med uses Q-Med’s purchasing and distribution software, and there were a number of Q-Med employees who worked for Solu-Med, but were paid by Q-Med; and Q-Med continues to pay significant expenses for Solu-Med, including rent, insurance, and certain personnel and in fact, all financial reporting that is done at Solu-Med is actually done by Q-Med employees. *See Deposition of Joaquin Lorie,* at 24:20-23; 34:6-6-13; 43:19-24 – 44:6, attached as **Exhibit 26**.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

resolved of its complaints. *See* Correspondence, attached as **Exhibit 27**. Youngblood did not admit that it reported Solu-Med improperly to Amazon. *See* Ex. 3, at 36:10-13.

56.     On December 13, 2018, Amazon sent two correspondences to Solu-Med rejecting its appeal because "cannot accept your appeal because it does not address the report we received from the rights owner." *See* Correspondence, attached as composite **Exhibit 28**. Amazon again requested that Solu-Med provide a valid retraction and proof of product authenticity of the Youngblood products; Solu-Med did not provide any authenticity documentation to Amazon. *Id.*

57.     On December 20, 2018, Amazon deactivated Solu-Med's Amazon Storefront because Amazon was "unable to verify information related to your seller account, or did not receive any new information regarding your listings or selling history." *See* Correspondence from Amazon, dated December 20, 2018, attached as **Exhibit 29**.

58.     During the deactivation, Solu-Med was not prevented of shipping its products to Amazon for sale and fulfillment through the FBA program. *See* Ex. 5, at 14:3-15.

59.     On January 14, 2019, Amazon reinstated Solu-Med's Amazon Storefront. *See* Correspondence from Amazon, dated January 14, 2019, attached as **Exhibit 30**.

## Solu-Med Continues To Do Business on Amazon

60.     Solu-Med seeks damages for the complete destruction of its business. Paul DeStefanis Report ¶ 12, attached as **Exhibit 31**. Solu-Med has continued its business since its Amazon Storefront was reinstated on January 14, 2019. *See* Ex. 26, at 9-14; 134:21-23. Solu-Med has not ceased operations and continues to sell its inventory. Paul DeStefanis Dep., at 36:15-18, attached as **Exhibit 32**.

Dated:  March 6, 2020                                    Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
222 Lakeview Ave, Suite 120
West Palm Beach, FL 33401
Telephone: (561) 383-9203
E-mail: jonathan.vine@csklegal.com
E-mail: sheena.smith@csklegal.com

By:     */s/ Sheena D. Smith*
        JONATHAN VINE
        FBN: 10966
        SHEENA D. SMITH
        FBN: 118919

11

Case No.: 0:19-cv-60487-RKA/PMH

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of March 2020, I presented the foregoing to the

Clerk of the Court for filing and uploading to the CM/ECF system.

*/s/ Jonathan Vine*
JONATHAN VINE
FBN: 010966
SHEENA D. SMITH
FBN: 118919

## <u>SERVICE LIST</u>

**Kelsey K. Black, Esq.**
Black Law, P.A.
*Attorneys for Plaintiff*
1401 E Broward Blvd. Suite 204
Fort Lauderdale, FL 33301
Telephone: (954) 320-6220
Facsimile: (954) 320-6005
kelsey@kkbpa.com

**Stanley R. Goodman, Esq**
Goodman & Saperstein
Pro hac vice admission pending
666 Old Country Road, Suite 200
Garden City, NY 11530
Telephone: (516) 227-2100
Facsimile: (516) 227-2108
Gsesq600@aol.com

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX