UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-60487

SOLU-MED, INC.,

      Plaintiffs,

vs.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

      Defendant.
_____/

### VERIFIED MOTION TO TEMPORARILY STAY LITIGATION

Plaintiff Solu-med, Inc moves the Court to temporarily stay litigation until the State of New York and Broward County, Florida lift the orders requiring non-essential businesses to close and New York lifts the requirement that citizens over 70 years must remain indoors and avoid the general population.

1. As the Court is aware, this matter is currently in the midst of summary judgment and Daubert motion briefing. Various motions for extension have already been requested due to the Covid-19 outbreak. Up until now, Plaintiff has been utilizing an all hands on deck approach to meet the current deadline of March 27, 2020 for filing its response to the pending motion for summary judgment and statement of material facts.

2. Plaintiff's co-counsel Goodman & Saperstein are New York City residents, and *pro hac vice* counsel Stanley Goodman is lead counsel on this matter. Under the "Matilda's Law" portion of Governor Cuomo's PAUSE order, Attorney Goodman and his partner fall into the most severe restrictions where they may only go outside for solitary exercise.

3. This is an unprecedented time for the United States. The current PAUSE Order and related Matilda's Law is unsettling for everyone it touches, and Goodman & Saperstein need to focus on preparing their households and families to be able to maintain compliance with the order.

4. Plaintiff cannot predict how long the stay will be necessary, as it is contingent on Governor Cuomo and Broward County, Florida lifting the non-essential business ban and of course, the immediate threat from COVID-19 to dissipate. However, Plaintiff asks the Court to stay all litigation in this matter until these bans are lifted. From there, Plaintiff asks the court for a week to respond to all pending motions, and two weeks to file its reply brief to Defendant's response to Plaintiff's motion for summary judgment. (*See* ECF No. 120 for relief requested related to reply briefing; *see* ECF No. 116 for relief requested relating to Daubert motions).

5. Without such a stay, Plaintiff will be prejudiced as lead counsel is under order not to leave his home and has limited remote office capabilities. In addition, with the current order shutting down schools affecting the State of Florida, attorney Kelsey Black is attempting to home school her children and continuing to provide excellent legal service to her clients. Obviously, the current situation is unique and unanticipated.

6. "The District Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997*); see also Ortego Trujilo v. Conover & Co.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A court may enter a stay to promote judicial economy and reduce confusion or prejudice, along with other reasons. *Am. Mfrs. Mut. Ins. v. Edward D. Stone, Jr.*, 743 F.2d 1519, 1525 (11th Cir. 1984). The movant bears the burden of showing either a clear case of hardship or inequity if the case proceeds, or little possibility that the stay will harm others. *Dunn v. Air Line Pilots, Ass'n, 836 F.Supp*. 1574, 1584 (S.D. Fla. 1993).

7. Given the current COVID-19 outbreak and government orders affecting counsel for Plaintiff, Plaintiff would have severe hardship and inequity if its counsel were asked to continue litigating this matter while attempting to prepare their families for the developing changes affecting the United States. Defendant's counsel has informed Plaintiff that his client opposes the request, but would agree to an additional two-week extension for briefing. Prejudice to the defendant is minimal in this matter as it appears unlikely under *Administrative Order 2020-20 Court Operations under the Exigent Circumstances Created by COVID-19 and Related Coronavirus*, and *Administrative Order 2020-18 Coronavirus Public Emergency Order*

*Concerning Jury Trial and Other Proceedings* that jury trials are likely to be suspended for period of time that would affect the current trial date.

8.  As soon as the government orders are lifted, Plaintiff asks the Court to reset the deadlines in this matter accordingly.

Certificate of Compliance with Local Rule 7.1(a)(3)

Plaintiff's counsel has conferred with the Defendant's counsel about this request and Defendant's counsel has noted that his client opposes the request but would agree to an additional two-week briefing extension.  Defendant's counsel has noted that given his client's position, he is not able to agree to the relief sought.

Verification

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Given no notaries readably available, Kelsey K. Black submits this verification to comply with Local Rule 7.6.

/s/ *Kelsey K. Black*
Kelsey K. Black, Esq.

Prayer for Relief

WHEREFORE, Plaintiff Solu-med, Inc. respectfully request that the Court stay the pending litigation in this matter until Matilda's Law is lifted.

Respectfully submitted,

BLACK LAW P.A.         1401 E Broward Blvd.  Suite 204  Fort Lauderdale FL 33301
Attorneys for Plaintiff,                            ph-954.320.6220  fx-954.320.6005

By:   *s/ Kelsey K. Black*
Kelsey K. Black
Florida Bar No. 078925
kelsey@kkbpa.com

and

Stanley R. Goodman, Esq. (admitted *pro hac vice*)
Goodman & Saperstein
666 Old Country Road, Suite 200
Garden City, NY  11530
Telephone:  (516) 227-2100

Facsimile: (516) 227-2108
*gsesq600@aol.com*