**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:19-cv-60487-RKA/PMH**

SOLU-MED, INC.,

       Plaintiffs,

vs.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

       Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Plaintiff SOLU-MED, INC. ("Solu-Med"), respectfully submits the following Response to Defendant's Statement of Additional Undisputed Material Facts in Opposition to Solu-Med's Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rule of Civil Procedure and Local Rule 56.1(a) of the United States District Court for the Southern District of Florida.

      19.    Partially disputed. Youngblood's ("YB") 30-day return warranty was limited to purchases from its website only; authorized sellers were excluded pursuant to YB's own statements on its website. (www.YBskin/pages/returns; ECF No. 128-5)

      20.    Disputed. Deposition references to D.E. 113-1 cited by Defendnant do not support the statements and diversion is not unlawful. *See Allison v. Vintage Sport Plaques*, 136 F.3d 1443, 1447-48 (11th Cir. 1998).

      21.    Disputed. Amazzia was hired to get rid of unauthorized sellers by filing counterfeit complaints with Amazon against them. (D.E. 113-3 at 27; 13-25,,28:4-25, 39:1-15).

      22.    Disputed. Defendant's enumerated subsections (1), (3), (4), (7), (8), and (11) are not "quality controls" in that they do nothing to further the quality of a product. Defendant's enumerated subsection (5), (9), (10, and (12) are marginal as to whether or not they are actually quality controls. For instance, subsection (12) relates to warranty and return claims but simply disclaims essentially all warranty obligations Youngblood owes to its distributors for customer

returns.  Regardless, the distribution agreement speaks for itself as to whether quality controls exist.

## Amazon's Guidelines

23. Disputed.  Document speaks to itself.  Editorial comments are to be disregarded.

24. Disputed.  Document speaks to itself.  Editorial comments are to be disregarded.

25. Disputed.  Document speaks to itself.  Editorial comments are to be disregarded.

26. Disputed.  Document speaks to itself.  Editorial comments are to be disregarded.

27. Disputed.  The statement does not express the full text of the document referenced and should be disregarded.

28. Disputed.  Plaintiff did not require YB's permission to sell its products.

29. Undisputed.

30. Disputed.  Distorts the record reference as to "purported Youngblood products" and the products contained Amazon's return guarantee. (ECF No. 113-5, p. 11-12 ECF No. 113-5, p. 45:6-12, 48:4-25, 49:1-2, 18-23, and 157:5-15).

31. Undisputed

32. Disputed.  The statement is not supported by the record it references and Youngblood products are not sold through Solu-med's store front, instead they are sold through Amazon's FBA program with Solu-med.  (ECF No. 113-5, 48:6-25, 49:1-2, 18-22).

33. Undisputed.

34. Undisputed.

35. Disputed. ECF No. 113-5 at 57:1-7 does not reflect the statements contained in paragraph 35.

36. Disputed. ECF No. 68:3-8, 10-25 does not reflect the statements contained in paragraph 16.  Further, the statement "product is inauthentic and counterfeit if the product is being sold as new without a warranty" is not stated in any of the exhibits they referenced, and is an improper citation (notice there is no pinpoint to any of voluminous exhibits referenced in Defendant's statement of facts).

37. Disputed.  Distorts the record reference as to the source of Youngblood products. (ECF No. 113-8, p. 33:8-34:1, 37:19-38:19).

38. Undisputed.

39. Undisputed.

40. Undisputed.

41. Disputed. Weinstein was aware of Amazon guidelines on listing products on Amazon. (ECF No. 113-7, p. 10:15-19, 13:6-19)

Prior Complaints to Amazon about Solu-Med's Sale of Products

42. Disputed. Inadmissible; lacks trustworthiness as to the source and the content. Federal Rules of Evidence (FRE 803(6)(E))

43. Disputed. Inadmissible; lacks trustworthiness as to the source and the content. (FRE 803(6)(E))

44. Disputed. Inadmissible; lacks trustworthiness as to the source and the content. (FRE 803(6)(E))

45. Disputed. Inadmissible; lacks trustworthiness as to the source and the content. (FRE 803(6)(E))

46. Disputed. Inadmissible; lacks trustworthiness as to the source and the content. (FRE 803(6)(E))

47. Disputed. Inadmissible; lacks trustworthiness as to the source and the content. (FRE 803(6)(E))

48. Disputed. (Inadmissible; lacks trustworthiness as to the source and the content. FRE 803(6)(E))

49. Disputed in part. The deposition testimony of Goodson does not support the statement "Solu-Med's pattern and practice was not to respond to Amazon's policy warnings violations . . ."

50. Disputed. Solu-Med did respond to Amazon by filing three Plans of Action which are referred to in Defendant's Statement of Additional Undisputed Facts, as well as communicating with Youngblood requesting a retraction. (ECF No. 1-8, p. 17).

### Amazon Deactivates Solu-Med's Store

51. Disputed. The statement omits material predicate questions and answers. (ECF No 113-3 at 37:9-25; 38:1-2, 10-14). Plaintiff further disputes Amazzia's determination that the products were inauthentic and counterfeit in that the deposition extracts referred to were Amazzia's self-serving conclusions based on Amazzia's interpretations of Amazon's policies.

52. Disputed. The correct date is November 11, 2018, and Youngblood had no evidentiary basis for stating that the Youngblood product at issue was counterfeit.

53. Disputed. The correct date is November 11, 2018, and Youngblood had no evidentiary basis for stating that the Youngblood product at issue was counterfeit.

54. Disputed. Youngblood's complaints of November 11, 2018 and November 13, 2018 were the same regarding the Youngblood products with different ASIN's.

55. Disputed. Youngblood's complaints of November 11, 2018 and November 13, 2018 were the same regarding the Youngblood products with different ASIN's.

56. Disputed. The date is November 13, 2018 not November 12, 2018. Youngblood's complaints of November 11, 2018 and November 13, 2018 were the same regarding the Youngblood products with different ASIN's. Youngblood had no evidentiary basis for stating that the Youngblood product at issue was counterfeit.

57. Disputed. Youngblood's complaints of November 11, 2018 and November 13, 2018 were the same regarding the Youngblood products with different ASIN's. Youngblood had no evidentiary basis for stating that the Youngblood product at issue was counterfeit.

58. Disputed. Youngblood's complaints of November 11, 2018 and November 13, 2018 were the same regarding the Youngblood products with different ASIN's.

59. Disputed. Kellon Goodson of Solumed had several phone calls with Amazon regarding the Youngblood counterfeit notice, including the November 13, 2018 notice. (ECF No. 113-5, p. 108:3-23; 114:21-25).

60. Undisputed.

i.   *Solu-Med's First Plan of Action*

61. Undisputed.

62. Undisputed.

63. Disputed in part. Solu-med did not review Youngblood's limited warranty because it was not listed on any of the product, product packaging, or the home page of Youngblood's website www.ybskin.com.

64. Disputed. The statement misstates the language in Exhibit 113-19 as to Amazon's request for the rights owner's retraction and proof of authenticity as being in the conjunctive. The clear understanding as to the options of the Seller for responding is that the requests are mutually exclusive. Primarily, a retraction by the rights owner being the operative choice for Amazon to relist. (ECF No. 113-14; ECF No. 113-15).

4

  *ii.*  ***Solu-Med's Second Plan of Action***

  65. Undisputed.

  66. Disputed in part. Youngblood fails to mention Kellon Goodson contacting Youngblood on several occasions. (ECF No. 113-5 p.118:19-120:22).

  67. Disputed in part. Misstates Amazon's request for additional information by omitting the wording of Exhibit 113- 21, Paragraph 2, the request for "A valid retraction sent to Amazon directly from the original rights owner". For further information, see response to Paragraph 64.

  *iii.*  ***Solu-Med's Third Plan of Action***

  68. Disputed. The statement omits that portion of Exhibit 113- 22, Paragraph 2(III) reflecting early attempts by Solu-Med to obtain a retraction from rights owner. Youngblood has no evidentiary basis to claim that the invoices sent to Amazon were not genuine.

  69. Disputed. Statements misstate the record by offering unsupported testimony of counsel as follows, "Rather, all Solu-Med did was look at the product to determine whether the ASIN number matched to Amazon's ASIN for the product, which is not a way to determine authenticity of the product." (ECF No.113-4, p: 31:14-32:8, 33:8-17: 37:19-38:19);

  70. Undisputed.

  71. Disputed. Invoice reflected that Youngblood products were obtained from QMED, who obtained them from Innopex. (ECF No.113-23). In addition, Solu-med has internal policies for listing product, they just were not in writing as it was all done by one person. (ECF No. 113-4 p. 61:16-62:21)

  72. Disputed in part. Misstates Amazon's request by omitting the wording of ECF No. 113-24, Paragraph 2, the request for "A valid retraction sent to Amazon directly from the original rights owner." For further information, see response to Paragraph 64.

  73. Disputed. Misstates Amazon's request by using conjunctive that Solu-med was required to provide both a valid retraction and proof of authenticity. For further information, see response to Paragraph 64.

  74. Disputed. ECF No. 113-27 does not support the statement. Rather, it is unsupported testimony by counsel. See Paragraphs 66 and 69 of Defendant's Additional Statement of Undisputed Fact (ECF No. 118) where it alleges that Solu-Med never contacted them directly refutes this statement.

75. Disputed in part. Misstates Amazon's request for additional information by omitting the wording of ECF No. 113-28, Paragraph 2, the request for "A valid retraction sent to Amazon directly from the original rights owner."

76. Undisputed.

77. Disputed. The statement is not supported by the record reference as the testimony of Goodson does not refer to the Amazon FBA program. Rather, it is unsupported testimony of counsel. Solu-Med's storefront was totally shut down for selling counterfeit Youngblood products and was not able to participate in any Amazon program, including the FBA program that was the way it shipped YB products. (ECF No. 113-5 at 41:2-42:6; 45:10-12; 48:17-25; 49; ECF No. ).

Respectfully submitted,

/s/ *Kelsey K. Black*
Kelsey K. Black, Fla. Bar. No. 078925
Black Law P.A.
1401 E. Broward Blvd., Ste. 204
Fort Lauderdale, FL 33301
Telephone: (954) 320-6220
Facsimile:  (954) 320-6005
Email: kelsey@kkbpa.com

and

Stanley R. Goodman, Esq. (admitted *pro hac vice*)
Goodman & Saperstein
 666 Old Country Road, Suite 200
Garden City, NY  11530
Telephone:  (516) 227-2100
Facsimile:   (516) 227-2108
Email: gsesq600@aol.com