UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60487-CIV-ALTMAN/Hunt

SOLU-MED, INC.,

    *Plaintiff*,

v.

YOUNGBLOOD SKIN CARE PRODUCTS, LLC,

    *Defendant*.

_____/

## OMNIBUS ORDER

**THIS MATTER** comes before the Court on the following five motions filed either by the Plaintiff, Solu-Med, Inc. ("Solu-Med"), or by the Defendant, Youngblood Skin Care Products, LLC ("Youngblood"): (1) Youngblood's Motion for Leave to File Second Amended Answer and Affirmative Defenses [ECF No. 145] (the "Motion for Leave to Amend"); (2) Youngblood's Motion for Summary Judgment [ECF No. 108]; (3) Youngblood's Motion in Limine [ECF No. 110]; (4) Solu-Med's Motion for Summary Judgment [ECF No. 105]; and (5) Solu-Med's Motion in Limine [ECF No. 106]. For the reasons set out below, the Court **GRANTS** Youngblood's Motion for Leave to Amend and **DENIES without prejudice** the remaining motions.

1. Youngblood's Motion for Leave to Amend [ECF No. 145] is **GRANTED**. Youngblood must file its Second Amended Answer and Affirmative Defenses [ECF No. 145-1] by **June 8, 2020**. Solu-Med shall have until **August 3, 2020** to conduct reasonable discovery *solely on Youngblood's amended affirmative defenses*.

"[W]hen a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis." *Acya v. Seven C's Building Maint., Inc.*, 2020 WL 2513105, at *3 (S.D. Fla. May 15, 2020) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d

1417, 1419 (11th Cir. 1998)); *see also Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017) (detailing the two steps). *First*, under Federal Rule of Civil Procedure 16(b), the movant must show "good cause" to depart from the court's scheduling order. *Id. Second*, under Federal Rule of Civil Procedure 15(a), the movant must establish that "justice [] requires" the extension; if it does, the court "should freely give leave . . . ." *Id.* 870–71. Under each of these tests, the decision on whether to grant leave to amend is left to the sound discretion of the district court. *See Harris v. Reverse Mortg. Sols. Inc.*, 800 F. App'x 708, 711 (11th Cir. 2020).

Youngblood has demonstrated "good cause" under Rule 16(b). A party shows "good cause" when a deadline "cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting FED. R. CIV. P. 16 Advisory Committee's Note). Because the Court did not rule on Youngblood's Motion to Dismiss until *after* the amended pleading deadline had passed. *Compare* Scheduling Order [ECF No. 28] (setting amended pleadings deadline for June 21, 2019) *with* Order Denying Motion to Dismiss [ECF No. 66] (entered September 23, 2019) *and* Answer and Affirmative Defenses [ECF No. 69] (filed October 3, 2019). And, since Youngblood naturally waited—as it was entitled to do, *see* FED. R. CIV. P. 12(a)(4)—until the Court ruled on its Motion to Dismiss before filing its original Answer and Affirmative Defenses, Youngblood never had the chance to amend its original set of Affirmative Defenses.[1]

---

[1] Solu-Med urges the Court to deny Youngblood's Motion for Leave to Amend because Youngblood should have included the amendments it *now* proposes in its *initial* Answer and Affirmative Defenses. *See* Response to Motion for Leave to Amend [ECF No. 148] at 3. But this contention is, for two reasons, unconvincing.

*First*, the record reflects that Youngblood's Motion for Leave to Amend was prompted (at least in part) by Solu-Med's Motion for Leave to File a Motion to Strike Affirmative Defenses—which, of course, was filed only *after* Youngblood's initial affirmative defenses and, thus, was unavailable to Youngblood when it formulated its original affirmative defenses. *See* Motion for Leave to File Motion to Strike Affirmative Defenses [ECF No. 78] ("Motion to Strike Affirmative Defenses"); Motion for Leave to File an Amended Answer with Amended Affirmative Defenses [ECF No. 80]. Indeed, the whole point of setting the amended pleadings deadline *after* the deadline

2

Youngblood has also established that leave to amend is warranted under the "justice so requires" test. *See* FED. R. CIV. P. 15(a). Under Rule 15(a), courts may deny a motion for leave to amend only when there is a "substantial reason to deny leave." *See Acya*, 2020 WL 2513105, at *3–*4; *see also Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." (quoting *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir.1989))). The Eleventh Circuit has explained that a motion for leave to amend may be denied where a court finds: (1) "undue delay," (2) "undue prejudice," or (3) "futility of the amendment." *Id.*

None of these three "substantial reasons" applies here.[2] *First*, Youngblood did not unduly delay the filing its Motion for Leave to Amend. As Youngblood explains, on October 10, 2019—one week after Youngblood filed its initial Answer and Affirmative Defenses—Solu-Med advised Youngblood that it would be challenging some of the affirmative defenses. *See* Motion for Leave to Amend ¶¶ 5–6. For the next two months, the parties tried to come to some agreement on a set of (acceptable) amended affirmative defenses. *Id.* ¶¶ 7–12. When these negotiations failed—and after Solu-Med filed, on December 20, 2019, a Motion to Strike Affirmative Defenses—Youngblood promptly (fourteen days later) submitted its Motion for Leave to File an Amended Answer with Amended Affirmative Defenses. *Id.* ¶¶ 13–14. On these facts, the Court finds that Youngblood negotiated with Solu-Med diligently and without undue delay. The Court will not punish Youngblood for attempting to resolve this matter privately with Solu-Med before bringing

---

for *initial* pleadings is to permit—encourage, even—the parties to engage in a meaningful back-and-forth on the viability of their pleadings.

*Second*, it does not seem fair to say that Youngblood failed to act diligently solely because it failed to craft its Answer and Affirmative Defenses *perfectly* on its first try.

[2] And Solu-Med has offered no *other* reason to deny leave.

3

the issue before the Court. *See, e.g.*, *Kenkel v. Hertz Corp.*, 2017 WL 10900094, at *1 (M.D. Fla. Dec. 15, 2017) (finding good cause for 70-day delay because "the parties were engaged in mediation and hoped to resolve their issues").[3]

*Second*, and in any event, leave to amend will result in no prejudice to Solu-Med. The Court is hereby reopening discovery for sixty days for the (limited) purpose of allowing Solu-Med to subject Youngblood's amended affirmative defenses to scrutiny. So, while the parties quarrel over whether Solu-Med knew—or should have known—that the amended affirmative defenses were a part of this case from the beginning,[4] Solu-Med will now have a full opportunity to conduct discovery on the viability of these defenses. *See, e.g.*, *Prams Water Shipping Co., Inc. v. Salco Shipping Corp.*, 2013 WL 12380658, at *3 (S.D. Fla. Feb. 8, 2013) ("Nor does the possible need for additional discovery mandate a finding of prejudice. Should Plaintiff not have adequate time to conduct discovery, it may petition the Court for an extension."); *Ruby Tuesday, Inc. v. Emmanuel Sheppard & Condon PA*, 2010 WL 11527306, at *1 (N.D. Fla. Mar. 19, 2010) (responding to a party's argument that an amendment would result in undue prejudice by extending the discovery deadline by 60 days).[5]

---

[3] Solu-Med suggests that Youngwood acted in "bad faith" by failing to disclose its amended affirmative defenses until December 11, 2020. *See* Response to Motion for Leave to Amend at 5. But, on this record, the Court finds precious little *evidence* to support Solu-Med's accusation.

[4] *Compare* Response to Motion for Leave to Amend at 3 (claiming to have been "blindsided" by Youngwood) *with* Reply in Support of Motion for Leave to Amend at 2 (claiming that Solu-Med "has been on notice . . . from the very beginning of this case").

[5] Solu-Med complains that it did not have Youngwood's amended affirmative defenses in hand when the parties deposed Amazzia and Youngwood's corporate representatives. From this, Solu-Med jumps to its conclusion that allowing the amended affirmative defenses would result in "irreparable injury." *See* Response for Motion for Leave to Amend at 4–6. But Solu-Med does not explain why any prejudice that might have resulted from this alleged "blindside" could not be ameliorated by further deposition questioning or other discovery. The closest Solu-Med gets to explaining why additional discovery would be inadequate is when it speculates that Amazzia might try to avoid a second deposition by seeking a protective order from a California court—a result, Solu-Med insists, this Court will be unable to remedy. *See* Response to Motion for Leave to Amend

4

*Third*, the proposed affirmative defenses are not futile. "Leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Carril v. James River Ins. Co.*, 2020 WL 2129568, at *1 (S.D. Fla. May 5, 2020) (cleaned up) (quoting *Montes v. M & M Mgmt. Co.*, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015)). In support of its view that the affirmative defenses are futile, Solu-Med directs the Court to its Motion for Summary Judgment. *See* Response to Motion for Leave to Amend at 7–8. But the two standards are not at all the same. Solu-Med may be right, in other words, that the amended affirmative defenses will (ultimately) fail. But those defenses do not now appear to be "clearly insufficient or frivolous on [their] face." In any case, the sufficiency of the defenses is a question best left for summary judgment on a full record and with the benefit of complete briefing—rather than on the cursory treatment provided here. *See, e.g.*, *Veal v. Crown Auto Dealerships, Inc.*, 2005 WL 8160209, at *1 n.3 (M.D. Fla. May 26, 2005) ("Defendant's argument that at least one of the named Plaintiff's claims is futile . . . is better suited for a motion to dismiss or motion for summary judgment . . . .").

Finally, each side (frivolously) asks the Court to sanction the other: Solu-Med claims that it is entitled to attorney's fees and costs for Youngblood's failure to comply with the Court's Scheduling Order, while Youngblood says that Solu-Med should be sanctioned for misrepresenting certain facts in its briefing. But Youngblood did not violate the Court's Scheduling Order. And there is no *evidence* that Solu-Med made any purposeful misrepresentation in its briefing. To be sure, the parties disagree about the facts—but that is not the same thing as

---

at 4. But, even were Amazzia to persuade a California court to ignore this Court's specifically-enunciated intention—which, to be clear, is that Amazzia's corporate representative should be deposed again on the limited questions raised in the amended affirmative defenses—Solu-Med could always move to exclude Amazzia's trial testimony, in whole or in part, on that basis.

5

lying.

2. In light of the Court's ruling on the Motion for Leave to Amend, the remaining motions—Youngblood's Motion for Summary Judgment [ECF No. 108]; Youngblood's Motion in Limine [ECF No. 110]; Solu-Med's Motion for Summary Judgment [ECF No. 105]; and Solu-Med's Motion in Limine [ECF No. 106]—are **DENIED without prejudice**. The Court will, through an amended scheduling order, set new deadlines for, among other things, the summary judgment briefing.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of June 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record