UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-CV-60487-RKA/PMH

SOLU-MED, INC.,

     Plaintiff,

v.

YOUNGBLOOD SKIN CARE
PRODUCTS LLC,

     Defendant.

_____/

## DEFENDANT YOUNGBLOOD SKIN CARE PRODUCTS, LLC, SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant, Youngblood Skin Care Products, LLC ("Defendant" or "Youngblood"), answer to Plaintiff's Complaint, allege affirmative defenses, and state:

### NATURE OF THIS ACTION

1.     Admitted Plaintiff operates an online store, all other allegations denied.

### PARTIES

2.     Admitted for jurisdictional purposes only.

3.     Admitted for jurisdictional purposes only.

4.     Denied as phrased.

5.     Admitted for jurisdictional purposes only.

### JURISDICTION AND VENUE

6.     Admitted for jurisdictional purpose only; Defendant denies committing any tortious acts or any allegations of wrongdoing by the Defendant.

7.     Admitted for jurisdictional purposes only.

8.     Admitted for jurisdictional purposes only.

9.     Admitted for jurisdictional purposes only.

## FACTUAL ALLEGATIONS

10.    Admitted.

11.    Without knowledge, therefore denied.

12.    Without knowledge, therefore denied.

13.    Without knowledge, therefore denied.

14.    Without knowledge, therefore denied.

15.    Denied.

16.    Defendant denies the allegations in ¶16 and subparts ¶16(a)-(i).

17.    Denied.

18.    Denied.

19.    Without knowledge, therefore denied.

## COUNT I
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

20.    Defendant re-alleges and restates their answer to the allegations of Paragraphs 1 through 19 as if fully set forth herein.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**COUNT II**
**VIOLATION OF THE FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT ("FDUTPA")**

25.     Defendant re-alleges and restates their answer to the allegations of Paragraphs 1 through 19 as if fully set forth herein.

26.     Without knowledge, therefore denied.

27.     Florida's FDUTPA speaks for itself.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

**COUNT III**
**DEFAMATION**

33.     Defendant re-alleges and restates their answer to the allegations of Paragraphs 1 through 19 as if fully set forth herein.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

**COUNT IV**
**COMMON LAW TRADE DISPARAGEMENT/TRADE LIBEL**

39.     Defendant re-alleges and restates their answer to the allegations of Paragraph 1 through 19 as if fully set fort herein.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## General Denials

Any and all allegations not expressly responded to herein are hereby fully denied, and Youngblood demands strict proof of the same. Youngblood also expressly denies any and all allegations contained in any and all WHEREFORE clauses, and further deny that Plaintiff is entitled to any relief requested in the same.

## Demand for Jury Trial

Youngblood hereby demands a trial by jury on all issues by right so triable.

## AFFIRMATIVE DEFENSES

1.     For its First Affirmative Defense, Youngblood states that Plaintiff failed to mitigate their alleged damages, and therefore, any damage should be reduced accordingly. Specifically, Plaintiff failed to mitigate its damages by selling directly to Amazon through its Fulfillment by Amazon ("FBA") program (instead of through their own Amazon storefront) as well as failing to sell products on its other online channels, such as Walmart.com or E- Bay.

2.     For its Second Affirmative Defense, Youngblood states that Plaintiff's lawsuit fails because any alleged acts by Youngblood was lawful petitioning conduct and protected under the *Noerr-Pennington* doctrine and Plaintiff has failed to plead the sham exception and no such facts exist to establish the sham exception to the *Noerr-Pennington*.

3.      For its Third Affirmative Defense, Youngblood states that Plaintiff's tortious interference claim fails because any alleged actions taken by Youngblood were justified for the following reasons, including but not limited to:

      a.  Plaintiff failed to follow Amazon's Seller's Code of Conduct;

      b.  Plaintiff failed to follow Amazon's Anti-Counterfeiting policy;

      c.  Plaintiff failed to follow Amazon's Cosmetics and Skin Care Policy;

      d.  Plaintiff failed to follow Amazon's Condition Guidelines;

      e.  Plaintiff failed to follow Amazon' Authenticity and Product guidelines;

      f.  Plaintiff was not authorized to sell Youngblood products;

      g.  Plaintiff did not ask for permission to sell Youngblood products;

      h.  Plaintiff had no source information for the purported Youngblood's products in violation of Amazon's policies;

      i.  Plaintiff did not abide by Youngblood's quality controls; and

      j.  Plaintiff sold the purported Youngblood products as "new" without Youngblood's Warranty in violation of Amazon's policies.

4.      For its Fourth Affirmative Defense, Defendant's defamation claim fails because the alleged statement was true. Specifically, Plaintiff did not properly source the purported Youngblood products sold, Plaintiffs failed to follow Amazon's guidelines, Plaintiff sold purported Youngblood products as "new" without Youngblood's warranty, and therefore, Plaintiff sold not genuine, inauthentic, and counterfeit Youngblood products under Amazon's guidelines.

5.      For its Fifth Affirmative Defense, Youngblood affirmatively asserts that Plaintiff's claim for defamation and/or trade libel fails as a matter of law and fact – in whole or in part – by virtue of any or all of the alleged acts of defamation and/or trade libel qualifying as privileged publications.

Case No. 0:19-CV-60487-RKA/PMH

Youngblood reserves the right to assert additional affirmative defense based upon information learned or obtained during the pendency of this litigation.

## DEMAND FOR JURY TRIAL

Youngblood hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or through other approved means.

/s/ Sheena D. Smith
JONATHAN VINE
FBN: 010966
SHEENA D. SMITH
FBN: 118919

## SERVICE LIST

**Kelsey K. Black, Esq.**
Black Law, P.A.
*Attorneys for Plaintiff*
1401 E Broward Blvd. Suite 204
Fort Lauderdale, FL 33301
Telephone: (954) 320-6220
Facsimile: (954) 320-6005
kelsey@kkbpa.com


and

**Stanley R. Goodman, Esq**
Goodman & Saperstein
Pro hac vice admission pending
666 Old Country Road, Suite 200
Garden City, NY 11530
Telephone: (516) 227-2100
Facsimile: (516) 227-2108
Gsesq600@aol.com